IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTONIO RAY ANTHONY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-045 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO
### DENY PETITION FOR WRIT OF HABEAS CORPUS

Petitioner ANTONIO RAY ANTHONY has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th District Court of Potter County, Texas for assault on a public servant and the resulting fifteen-year sentence. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PETITIONER'S ALLEGATIONS

Petitioner's specific grounds of error are unclear. It appears as though his main contention is that his trial counsel rendered ineffective assistance when he (i) improperly advised petitioner to reject the prosecution's initial plea offer of six years and (ii) failed to convey to petitioner subsequent plea offers by the prosecution, resulting in petitioner ultimately accepting a plea bargain for fifteen years' incarceration, more than twice as long as the initial and subsequent offers.

## II.
## APPLICABILITY OF THE STATUTE OF LIMITATIONS

*A. The Applicability of 28 U.S.C. § 2244(d)(1)(A)*

A federal habeas corpus petitioner must establish the conviction he challenges has been final for no longer than one year. There are four different ways to measure the one-year time period based upon different triggering events. *See* 28 U.S.C. § 2244(d)(1). The primary triggering event for statute of limitations purposes is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state conviction becomes final under this provision when there is no more "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). In a case, such as the one at bar, where the defendant pleads guilty and does not directly appeal the judgment, the conviction is final for federal habeas corpus purposes thirty days after the defendant is sentenced. *Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2012).

Petitioner Anthony indicates he was convicted on September 18, 2006. Thirty days after that date, and the point at which petitioner's conviction became final for federal habeas corpus purposes, was October 18, 2006. *See Rodriguez*, 664 F.3d at 954. Without any tolling, and assuming 28 U.S.C. § 2244(d)(1)(A) as the starting point, petitioner's federal habeas corpus petition was due by October 18, 2007. *See* 28 U.S.C. § 2244(d)(1)(A). Under such an analysis, petitioner's March 6, 2013, federal habeas corpus petition is more than five years overdue, even if the Court were to equitably toll the time period during the pendency of state collateral review. *See In re Anthony*, WR-71,593-01 (denied without written order March 25, 2009); *In re Anthony*, WR-71,593-02 (dismissed as successive December 19, 2012).

*B. The Applicability of 28 U.S.C. § 2244(d)(1)(C)*

The other statutory provision potentially applicable to this case is at 28 U.S.C. § 2244(d)(1)(C). That provision establishes the starting point for the one-year limitations period is, "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

In this case, petitioner appears to contend the Supreme Court cases of *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), both of which were issued on March 21, 2012, provide the starting point for the one-year limitations period. Petitioner Anthony filed his petition on March 6, 2013, within one year of the issuance of *Lafler* and *Frye*. Consequently, if section 2244(d)(1)(C) is applicable, the instant petition may be timely.

There are three elements to consider in determining whether 28 U.S.C. § 2244(d)(1)(C) is applicable. As they relate to this case, those elements are: (i) whether *Lafler* or *Frye* create a "newly recognized" constitutional right; (ii) whether the Supreme Court made that right retroactive on collateral review; and (iii) whether either case triggers the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(C); *United States v. Lopez*, 248 F.3d 427, 430 (5th Cir. 2001) (analyzing 28 U.S.C. § 2255(f)(3), which is the 28 U.S.C. § 2255 equivalent to 28 U.S.C. § 2244(d)(1)(C)). Analysis in the case at bar begins and ends at the first of the three listed prongs because neither *Lafler* nor *Frye* "newly recognized" a constitutional right.

In determining whether a case created a "newly recognized" right, the Supreme Court has offered a good deal of guidance:

> a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.

*Teague*, 489 U.S. at 301, 109 S.Ct. at 1070. A case *does not* announce a new rule when it simply applies an already established general law to a particular set of facts. *Chaidez v. United States*, __ U.S. __, 133 S.Ct. 1103, 1107, 185 L.Ed.2d 149 (2013).

> As Justice Kennedy has explained, "[w]here the beginning point" of our analysis is a rule of "general application, a rule designed for the specific purpose of evaluating a myriad of factual contexts, it will be the infrequent case that yields a result so novel that it forges a new rule, one not dictated by precedent." Otherwise said, when all we do is apply a general standard to the kind of factual circumstances it was meant to address, we will rarely state a new rule for *Teague* purposes.

*Id.* (citing *Wright v. West*, 505 U.S. 277, 309, 112 S.Ct. 2482, 2449, 120 L.Ed.2d 225 (1992) (Kennedy, J., concurring in judgment)). Consequently, the Supreme Court has expressly stated, "garden-variety applications of the test in *Strickland* . . . for assessing claims of ineffective assistance of counsel do not produce new rules." *Id.*

Turning to the cases relied upon by petitioner Anthony, in *Frye*, the Supreme Court held "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S.Ct. at 1408. In *Lafler*, the Supreme Court dealt with the issue of how to apply *Strickland* to cases involving ineffective assistance of counsel at the plea bargain stage. 132 U.S. at 1384-90. Thus, taken together these cases, at most, extended the Sixth Amendment right to counsel to the plea negotiation stage and set the standards for how to analyze such claims through the lens of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Stated differently, these cases applied an already established rule, i.e. *Strickland v. Washington*, to a specific factual situation, i.e. the plea negotiation stage of a criminal proceeding. Neither case "newly recognized" a constitutional right. *See Chaidez*, 133 S.Ct. At 1107. In fact, the Fifth Circuit has, in a dealing with a different provision of the habeas corpus statute, explicitly held, "[*Lafler v.*] *Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context." *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012).[1] Because neither *Lafler* nor *Frye* announced a newly recognized constitutional right, neither case qualifies under 28 U.S.C. § 2244(d)(1)(C) to act as the starting point for the one-year federal habeas corpus limitations period *See Lopez*, 248 F.3d at 430. To the extent petitioner contends otherwise, such a contention is without merit.

The Court has considered alternative scenarios in which the petition might be timely filed. If there were a different date on which the federal habeas corpus clock started, such as one of the circumstances presented in section 2244(d)(1)(B) or (D), then the petition may not be time barred. Based on the facts presented by petitioner, however, it appears section 2244(d)(1)(A) is the most appropriate section under which to analyze this case. Under that section, the petition is time barred.

Also, in limited circumstances, the Court is able to altogether avoid the mandates of section

---

[1] The Court recognizes the Fifth Circuit in *In re King* was interpreting *Lafler* and *Frye* in the context of 28 U.S.C. § 2244(b)(2)(A) and not 28 U.S.C. § 2244(d)(1)(C), which is the pertinent provision in the case at bar. Research by the Court has not yielded any binding caselaw dealing with the applicability of *Lafler* and *Frye* in the context of 28 U.S.C. § 2244(d)(1)(C). The Court nevertheless relies upon the ruling in *In re King* because the pertinent section in that case uses language nearly identical to the language of the pertinent section in this case. *See* 28 U.S.C. § 2244(b)(2)(A) (establishing a successive habeas corpus application must be dismissed unless the applicant shows "the claim relies on a *new rule of constitutional law*, *made retroactive* to cases on collateral review") *and* 28 U.S.C. § 2244(d)(1)(C) (establishing the one-year limitations period for a federal habeas corpus application can begin on the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been *newly recognized* by the Supreme Court and *made retroactively applicable* to cases on collateral review"). The holding from *In re King*, in conjunction with the more recent language of the Supreme Court in *Chaidez*, assures the Court of the correctness of its determination that neither *Lafler* nor *Frye* announced a "newly recognized" constitutional right for purposes of 28 U.S.C. § 2244(d)(1)(C).

2244(d) by equitably tolling the one-year time period. *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling is only appropriate in "rare and exceptional" circumstances. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Other than his reliance on *Lafler* and *Frye*, petitioner fails to indicate why he did not file the instant petition within one year of the day the state court judgment became final. Consequently, petitioner has failed to provide any conceivable grounds upon which the Court could equitably toll the one-year deadline. The petition is time barred. *See* 28 U.S.C. § 2244(d)(1)(A).

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANTONIO RAY ANTHONY be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of June, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).